Chief Judge Desmond (dissenting).
The court by this decision restates but refuses to apply the undoubted natural law and common law of the parent and child relation. We have held repeatedly and emphatically that a parent’s right to her child is superior to all others until it be shown by those who Avould take the child away that the mother has abandoned the child or is presently unfit to have custody of her oavu *338 child (Matter of Thorne, 240 N. Y. 444, 449, 450; People ex rel. Portnoy v. Strasser, 303 N. Y. 539; People ex rel. Kropp v. Shepsky, 305 N. Y. 465, 470; Meyer v. Nebraska, 262 U. S. 390, 399; Domestic Relations Law, § 81). I see no evidence at all of either “abandonment” or “unfitness” as those terms are used in the cases cited.
“Abandonment” means “a settled purpose to be rid of all parental obligations and to forego all parental rights ” (Matter of Maxwell, 4 N Y 2d 429, 433). This mother at the age of 14 bore the child which four days later was illegally torn from her. The alleged abandonment consists of her failure for the next three years to take steps to get her baby back. But she was only 17 years old when she did make the effort. Such is the evidence said to prove this youthful mother’s “ absolute and unequivocal neglect and refusal to perform a parent’s natural and legal obligations of support, presence, love and care, a settled purpose to forego forever all parental rights ” (see dissent in Matter of Maxwell and cases cited, p. 441).
The “ sordid” record of relator’s present unfitness to rear her own child amounts to no more than testimony of a completely discredited witness who testified to immoral acts with relator in 1958 when she was 16 years old. This comes nowhere near meeting the requirements of People ex rel. Kropp v. Shepsky (305 N. Y. 465, supra) which refers to a “ notoriously immoral ” mother (p. 469) and warns that we must not “ weigh too heavily indiscretions of long ago ” (p. 471).
“ No court can, for any but the gravest reasons, transfer a child from its natural parent to any other person * * * since the right of a parent * * * to establish a home and bring up children is a fundamental one and beyond the reach of any court ” (People ex rel. Portnoy v. Strasser, 303 N. Y. 539, 542, supra).
I would affirm.
Judges Dye, Van Voorhis and Foster concur with Judge Field; Judge Froessel concurs in a separate opinion in which Judge Burke concurs; Chief Judge Desmond dissents in an opinion.
Order reversed, etc.